UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLORADO

IN RE: )
)    Case No. 09-32205-ABC
JOSE E. LEON )
)    Chapter 11
)
Debtor. )

### AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 24, 2014

Jose E. Leon ("Leon" or "Debtor") debtor and debtor-in-possession hereby proposes, pursuant to Chapter 11, Title 11 of the United States Code, the following Amended Plan of Reorganization (the "Plan").

## ARTICLE I

## INTRODUCTION

The Debtor is an individual who has made substantial investments in real estate located in the Colorado Springs, Colorado metropolitan area. The Debtor's investments consist primarily of individual houses and parcels of undeveloped real estate. All of the properties are financed. While the Debtor put substantial money down on the properties at the time they were acquired, in many cases up to 40% down, the market has suffered significantly as a result of the recession and market values have dropped. The Debtor also suffered from marital issues resulting in a divorce that has been concluded. The Debtor's principal residence is located at 12085 N. Meridian Rd., Peyton, Colorado 80831. The Plan provides treatment of the creditors of Leon and is designed to enable Leon to retain substantially all of the properties and repay restructured debt over time.

This Plan provides for the reorganization of the Debtor under Chapter 11 of the Bankruptcy Code. Pursuant to the Plan, the Debtor shall restructure its debts and obligations and continue to operate in the ordinary course of business. The Plan provides for the continued operation of the Debtor who will use income from the rental of his properties to make payments under this Plan. A more complete history of the Debtor, his operations, an explanation of this Plan, and a description of the Debtor's

1

financial condition and future business activity is contained in the Disclosure Statement which accompanies this Plan.  Reference should be made to the Disclosure Statement by all creditors and parties who intend to cast a ballot for or against this Plan.

## ARTICLE II

## DEFINITIONS

2.01 - <u>Administrative Claim</u> shall mean a Claim for payment of an administrative expense of a kind specified in § 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code, including, but not limited to: (a) the actual, necessary costs and expenses, incurred after the Petition Date, of preserving the estate and operating the business of the Debtor, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case; (b) Professional Fee Claims; (c) all fees and charges assessed against the estates under 28 U.S.C. § 1930; and (d) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under § 546(c)(2)(A) of the Bankruptcy Code.

2.02 - Allowed Claim shall mean a claim in respect of which a Proof of Claim has been filed with the Court within the applicable time period of limitation fixed by Court Order in this case or scheduled in the list of creditors prepared and filed with the Court pursuant to Bankruptcy Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no timely objection to the allowance thereof has been filed pursuant to Bankruptcy Rules 3001 and 3007 or as to which any such objection has been determined by a Final Order.

2.03 - <u>Allowed Secured Claim</u> shall mean an allowed claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to setoff under § 553 of the Code, to the extent the value (determined in accordance with § 506(a) of the Code) of the interest of the holder of any such allowed claim and the Debtor's interest in such property or to the extent of the amount subject to such setoff as the case may be.

2.04 - <u>Avoidance Actions</u> means the Debtor's estate's interest in any and all Claims, rights and causes of action which have been or may be commenced by or on

2

behalf of the Debtor to avoid and recover any transfers of property determined to be preferential, fraudulent or otherwise avoidable pursuant to §§ 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code, or under any other applicable law, or otherwise subject to equitable subordination under §510 of the Bankruptcy Code, regardless of whether or not such actions have been commenced prior to the Effective Date.

2.05 - Claim shall mean any right to payment, or right to any equitable remedy for breach of performance if such breach gives rise to the right to payment, against the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, natured, unmatured, disputed, undisputed, legal, secured or unsecured.

2.06 - Class shall mean any Class into which Allowed Claims are classified pursuant to Article III.

2.07- Class 1-15 Claims and Interests shall mean the Allowed Claims and Interests so classified in Article III.

2.08 - Code shall mean the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* and any amendments thereof.

2.09 - Confirmation Date shall mean the date upon which the Order of Confirmation regarding this Amended Plan of Reorganization Dated February 24, 2014 is entered by the Court.

2.10 - Court shall mean the United States Bankruptcy Court for the District of Colorado in which the Debtor's Chapter 11 case is pending, pursuant to which this Plan is proposed, and any Court having competent jurisdiction to hear appeal or certiorari proceedings therefrom.

2.11 - Debtor shall mean the Debtors who are proposing this Chapter 11 Plan.

2.12 - Disclosure Statement shall mean the Disclosure Statement which is approved by the Court according to 11 U.S.C. § 1125 to be utilized to solicit votes for this Plan.

2.13 - Disputed Claim means any Claim which is not an Allowed Claim, including, without limitation, any Claim designated as disputed, contingent or unliquidated in Debtor's schedules filed in connection with this case, or any Claim

3

against which an objection to the allowance thereof has been interposed, and as to which no Final Order has been entered.

2.14 - <u>Effective Date of the Plan</u> shall mean thirty (30) days from the date on which the Order of Confirmation is entered regarding this Amended Plan of Reorganization Dated February 24, 2014, or if a stay is entered pending appeal of the Order of Confirmation, the date on which the stay is no longer in effect.

2.15 - <u>Final Order</u> shall mean an order or judgment of the Court which shall not have been reversed, stayed, modified or amended and as to which (a) the time to appeal from or to seek review, rehearing or certiorari shall have expired, and (b) no appeal or petition for review, rehearing or certiorari is pending or if appealed shall have been affirmed, or the appeal dismissed by the highest court to which such order was appealed, or if review, rehearing or certiorari was sought, such review, rehearing or certiorari has been denied and no further hearing, appeal or petition for review, rehearing or certiorari can be taken or granted or as to which any right to appeal or to seek a review, rehearing or certiorari has been waived.

2.16 - <u>Gross Revenue</u> shall mean the gross cash collections actually received by the Debtor from the operation of his business.

2.17 - <u>Interest</u> shall mean any ownership interest held by the Debtor.

2.18 – <u>Land Loans</u> shall mean those loans classified as Allowed Secured Claims in Classes 6 and 7.

2.19 – <u>Mortgage Lenders</u> shall mean those lenders who are classified as Allowed Secured Claims in Classes 2, 3, 4, 5, 8, 10, 11, and 13.

2.18 - <u>Order of Confirmation</u> shall mean the Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

2.19 - <u>Petition Date</u> shall mean the date on which the voluntary Petition was filed by the Debtor on October 20, 2009.

2.20 - <u>Plan</u> shall mean this Plan of Reorganization, as amended or modified in accordance with the Code, including all exhibits, stipulations and schedules attached hereto or referenced herein.

2.21 - <u>Priority Claim</u> means any pre-petition Claim entitled to a priority in payment under § 507(a) of the Code, but shall not include any Administrative Claim or Tax Claim.

2.22 - <u>Pro Rata</u> shall mean the ratio of an Allowed Claim or Interest in a particular Class to the aggregate amount of all Allowed Claims or Interests in that Class.

2.23 - <u>Professional Fees</u> means the Administrative Claims for compensation and reimbursement submitted pursuant to Section 330, 331 and 503(b) of the Code by a Professional Person.

2.24 - <u>Rules</u> shall mean the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the District of Colorado as adopted by the Court.

2.25 - <u>Tax Claim</u> means any unsecured Claim of a governmental unit for taxes entitled to priority pursuant to 11 U.S.C. § 507(a)(8).

2.26 - <u>Unclassified Priority Claims</u> shall mean Claims pursuant to Section 507(a)(2) which are Administrative Claims allowed under Section 503(b) of the Code and any fees and charges against the estate under Chapter 123 of Title 28 of the United States Code and shall further mean Allowed Unsecured Claims of governmental units to the extent provided for in Section 507(a)(8) of the Code.

2.27 – <u>Vehicle Loans</u> shall mean those loans classified as Allowed Secured Claims in Classes 12 and 9.

2.28 - <u>Other Definitions</u>.  Unless the context otherwise requires, any capitalized term used and not defined herein or elsewhere in the Plan but that is defined in the Code or Rules shall have the meaning set forth therein.

## ARTICLE III

## DESIGNATION OF CLAIMS AND INTERESTS

The following is a designation of all classes of Claims and Interests other than those Claims of a kind specified in Sections 507(a)(2), 507(a)(3) or 507(a)(8) of the Code.

Class 1 - All Allowed Unsecured Claims specified in Section 507(a)(4) and 507(a)(5) of the Code as having priority.

Class 2.1-2.6 - The Allowed Secured Claims held by ASC, or its successors or assigns.

Class 3.1-3.2 – The Allowed Secured Claims held by American Home Mortgage (AHM), or its successors or assigns.

Class 4.1-4.11 – The Allowed Secured Claims held by JP Morgan Chase Bank, or its successors or assigns.

Class 5 – The Allowed Secured Claim held by Citi Mortgage, or its successors or assigns.

Class 6 – The Allowed Secured Claim held by Colorado State Bank, or its successors or assigns.

Class 7 – The Allowed Secured Claim held by Farmers State Bank, or its successors or assigns.

Class 8.1-8.3 - The Allowed Secured Claims held by Select Portfolio Servicing, or its successors or assigns.

Class 9 - The Allowed Secured Claim held by Green Tree Servicing LLC, or its successors or assigns.

Class 10.1-10.3 - The Allowed Secured Claim held by US Bank, N.A., or its successors or assigns.

Class 11.1-11.10 - The Allowed Secured Claim held by Wachovia Bank, or its successors or assigns.

Class 12 - The Allowed Secured Claim held by Wachovia Dealer Services, or its successors or assigns.

Class 13.1-13.4 - The Allowed Secured Claim held by Wells Fargo Home Mortgage, or its successors or assigns.

Class 14 - The Allowed Unsecured Claims held by unsecured creditors.

Class 15 - The Interests held by Leon.

## ARTICLE IV

## SPECIFICATION AND TREATMENT OF UNCLASSIFIED PRIORITY CLAIMS

As provided in Section 1123(a)(1) of the Code, the Claims against the Debtor covered in this Article IV are not classified.  The holders of such Allowed Claims are not entitled to vote on the Plan.

4.1 - The holders of Allowed Claims of the type specified in Section 507(a)(1) of the Code, the holder of a Domestic Support Obligation, are unimpaired under the Plan.

4.2 - The holders of Allowed Claims of the type specified in Section 507(a)(2) of the Code, Administrative Claims, shall receive cash equal to the allowed amount of such Claim or a lesser amount or different treatment as may be acceptable and agreed to by particular holders of such Claims.  Such Claims shall be paid in full on the Effective Date of the Plan, or treated as otherwise agreed to by the particular holders of such Claims.  Section 507(a)(2) Administrative Claims that are allowed by the Court after the Effective Date of the Plan shall be paid upon allowance or as otherwise agreed.

4.3 - The Allowed Claims of a type specified in Section 507(a)(8) of the Code, Tax Claims of governmental taxing authorities, shall be paid on the Effective Date of the Plan or in monthly payments on an amortized basis over a period that does not exceed five years from the Petition Date with interest at the appropriate rate set by applicable statute.

4.4 - The Debtor will make all payments required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) until the case is closed, converted, or dismissed.  All payments due to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid on the Effective Date, and the U.S. Trustee shall thereafter be paid fees due on a quarterly basis until the case is closed, converted, or dismissed.

## ARTICLE V

## SPECIFICATION AND TREATMENT OF CLASS 1 CLAIMS

5.1 - Allowed Class 1 Priority Claims shall be paid in full on the Effective Date of the Plan.  The Class 1 claims are for certain pre-petition wages and employee Claims and are more particularly described in Sections 507(a)(4) and 507(a)(5) of the Code. The Debtor does not believe any claims will fall into this class.

## ARTICLE VI

## SPECIFICATION AND TREATMENT OF SECURED CREDITOR CLAIMS

6.1 – **Mortgage Lenders.**  The Secured Claims held by the Mortgage Lenders are impaired by this Plan.  The Mortgage Lender Claims will be treated under this Plan as follows:

a. The principal amount of the Mortgage Lender Claims will be allowed in amounts equal to the lower of the amount set forth for the particular Mortgage Lender in Exhibit A to this Plan or the total amount due the Mortgage Lender with respect to its particular Claim on the original confirmation date of October 4, 2012, unless the Mortgage Lender objects to such amount in its objection to confirmation of the Plan, in which case the principal balance of the claim will either be agreed to by the parties or fixed by the Court as part of the confirmation hearing.  In the absence of any objection, the amounts on Exhibit A will constitute the Allowed Secured Claim for purposes of this Plan and any lien held by Mortgage Lenders.

b. The Mortgage Lender Claims will bear interest at the rate of: (i) 4.5% per annum commencing on the Effective Date of the Plan; or (ii) if the Mortgage Lender objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the particular Mortgage Lender claimant, including prior stipulations entered into by and between the particular Mortgage Lender and the Debtor.  In the absence of any objection, the interest rate set forth on Exhibit A will constitute the fixed interest rate for purposes of this Plan.

c. The Mortgage Lenders will retain all liens that secured their Claims as of the Petition Date.

d. The monthly payment of the Mortgage Lenders shall be calculated based upon a thirty (30) year amortization of the Mortgage Lender Claims and paid in monthly installments.  Alternatively, prior to Plan confirmation, any

particular Mortgage Lender may enter into an agreement with the Debtor for an alternative interest rate, amortization term, arrearage cure, or modification of any other aspect of their particular loan based on the circumstances of the loan at the time of Plan confirmation.   The alternative agreement shall be filed by the Debtor on or before the Confirmation Date and shall become an amendment to the Plan, without further notice to creditors.

e.   Within thirty (30) days of the Effective Date, the Mortgage Lenders shall provide the Debtor with a statement confirming the following information: (i) the total amount due the Mortgage Lender with respect to its particular Claim on the original confirmation date of October 4, 2012; (ii) the mailing address where payments should be made; (iii) the interest rate and amortization term as set forth in this Plan or attached Stipulation; (iv) the monthly payment due including principal, interest, taxes and insurance, as applicable; (v) the new maturity date of each loan (30 years) from the date of loan modifications being executed, and (vi) any other information necessary for the Debtor to comply with the terms of this Plan.  All such information shall be consistent with the terms of this Amended Plan.

f.  Within thirty (30) days of the Effective Date of the Plan, the Mortgage Lenders shall resume sending the Debtor a monthly statement and payment coupon consistent with the terms of this Amended Plan.

g.  Pursuant to Bankruptcy Code Section 1142(b) each Mortgage Lender shall enter into a Loan Modification Agreement to document the terms of this Amended Plan or otherwise ensure the Debtor that the accounting and software systems of each Mortgage Lender accurately reflect the terms of this Amended Plan.

h.   Notwithstanding any other statement in this Plan or in any attached Stipulation, monthly payments by the Debtor to the Mortgage Lenders shall commence within 30 days of the Mortgage Lender's compliance with paragraphs 6.1(e), (f) and (g). No fees, charges or other costs shall be added to the loan balance until the Mortgage Lenders comply with paragraphs 6.1(e), (f), and (g).

6.2 – **Land Loans.** The Land Loans are unimpaired by this Plan. The Debtor has relinquished the Land Loan properties back to the Land Loan claimants. The Land Loan claimants will retain all liens that secured their Claims as of the Petition Date. Any deficiency claims shall be treated under Class 14.

6.3 – **Vehicle Loans**. The Class 9 and 12 Secured Claims shall be treated as set forth herein. The Class 12 Secured Claim has been paid in full. The collateral for the Class 9 Claim has been repossessed. The Class 9 and 12 Secured Claims are allowed in the amounts provided for in the loan documents and the security interests in the vehicles are unaltered. Any deficiency claims shall be treated under Class 14.

## ARTICLE VII
### SPECIFICATION AND TREATMENT OF UNSECURED CREDITOR CLAIMS

7.1 - Class 14 consists of those unsecured creditors of the Debtor. Class 14 shall receive payment of their Allowed Claims as set forth below:

a. The Class 14 claimants shall receive a pro-rata distribution of the greater of $500 per month for 36 months or an amount calculated in accordance with 11 U.S.C. §1129(a)(15)(B) payable in equal monthly installments over a period of 5 years from October 4, 2012 (the Effective Date of the Debtor's Amended and Restated Plan of Reorganization Dated January 4, 2012). The Debtor may pre-pay the amounts set forth in this paragraph at any time without penalty.

## ARTICLE VIII
### SPECIFICATION AND TREATMENT OF INTERESTS

8.1 – Class 15 includes the Interest in the Debtor held by Leon. Class 15 is unimpaired by this Plan. On the Effective Date of the Plan all interests shall be retained by Leon.

## ARTICLE IX
### MEANS FOR THE PLAN'S EXECUTION

9.1 - **Operation of Business**.  The Debtor shall be empowered to take such action as may be necessary to perform his obligations under this Plan.

9.2 - **Effectuating the Plan**.  On the Effective Date of the Plan, Jose Leon and Chantel Kerwick shall be appointed as the agents of the Debtor pursuant to 11 U.S.C. §1142(b) for the purpose of carrying out the terms of the Plan, and taking all actions deemed necessary or convenient to consummating the terms of the Plan, including but not limited to execution of documents.  The Debtor may change the designated agents following Plan confirmation as he deems necessary.

9.3 - **Disputed Claim Procedure**.  Distributions to any class of creditor will only be made on account of Allowed Claims.  In the event that distributions are made at a time that a claim objection is pending before the Court or a judgment has entered to establish a Claim and the judgment is not subject to a Final Order, the portion of the distribution that would be paid to the disputed claimant will be held in an interest bearing bank account until the Claim is Allowed or disallowed.  If Allowed, the Claim will be paid its appropriate share of the withheld payment.  If disallowed, the withheld distribution will be paid on a Pro Rata basis to the remaining impaired Allowed claimants, or if all holders of Allowed Claims have been paid in full, paid to Debtor.

9.4 - **Claims and Litigation Bar Date and Standing**.  All Claim objections and Avoidance Actions in the case must be filed no later than 90 days following the Effective Date.

9.5 - **Administrative Expense Bar Date**.  All applications for allowance and payment of Administrative Claims, including Professional Fees, must be filed within 60 days following the Confirmation Date.

9.6 - **Monthly Installments.**  Whenever the Plan provides for payment in monthly installments or a payment is due in a certain month, the payment shall be due on the last day of the calendar month in which the payment is due, unless otherwise specified in the Plan.  The Debtor shall then have a five day grace period within which the monthly payment must be received by the payee before the Debtor shall be in default, unless a longer period is specified elsewhere in the Plan.

9.7 - **Final Decree.**  The Debtor will request entry of a final decree closing the case on or before the later of the date all Claim objections and any pending litigation is concluded or 180 days after the Effective Date of the Plan.

9.8 - **Quarterly Fees.**  Prior to the entry of the final decree, the Debtor shall continue to remit quarterly fees and post-confirmation reports to the United States Trustee, as required by statute.

9.9 - **Exemption from Transfer Taxes.**  Pursuant to Section 1146(c) of the Code, the issuance, transfer, or exchange of notes or equity securities under the Plan by the Debtor, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or the making or delivery of any deed or instrument of transfer under, in furtherance of, or in connection with the Plan or the Agreements shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

9.10 – **Contractual Relationship.**  The Plan, upon confirmation, constitutes a new contractual relationship by and between the Debtor and his creditors.  In the event of a default by the Debtor under the Plan, creditors shall be entitled to enforce all rights and remedies against the Debtor for breach of contract, the Plan.  Any secured creditor claiming a breach of the Plan by the Debtor will be able to enforce all of their rights and remedies including foreclosure of their deed of trust, security agreement, lien, or mortgage pursuant to the terms of such document.  Any creditor claiming a breach by the Debtor must provide written notice to the Debtor of the claimed default, the notice must provide the Debtor a ten (10) day period within which to cure the claimed default, unless a longer period is specified elsewhere in the Plan.  Upon the Debtor's failure to cure the default within such ten day period, the creditor may proceed to exercise their rights and remedies.

## ARTICLE X
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

10.1  - On the Effective Date of the Plan, the Debtor does hereby assume those executory contracts and unexpired leases listed in Exhibit C attached hereto and incorporated herein by reference, which have not been assumed by prior Order of the

Court prior to the Confirmation Date. On the date of the entry of an Order confirming the Plan, the Debtor shall be the holder of all right, title and interest to the assumed leases and contracts and such assumed leases and contracts shall be in full effect and binding upon the Debtor and the other parties thereto. Confirmation of the Plan shall constitute a determination that the payments to be made to said creditors pursuant to the Plan satisfy all conditions precedent to assumption and assignment set forth in 11 U.S.C. § 365(b) and (f).

10.2 - On the Effective Date of the Plan, the Debtor will reject all executory contracts and unexpired leases to which they are a party which are listed in Exhibit D, attached hereto and incorporated herein by reference which have not been rejected by prior Order of the Bankruptcy Court prior to the Confirmation Date. Executory contracts and unexpired leases will be rejected pursuant to the provisions of 11 U.S.C. § 365. Any executory contract or unexpired lease not assumed in accordance with the Plan shall be rejected.

10.3 - An Order confirming this Plan constitutes approval by the Court of the assumption or rejection of the executory contracts and unexpired leases described herein in accordance with the provisions of 11 U.S.C. § 365 and the Rules.

10.4 - **Claims Arising from Rejection.** All proofs of claim with respect to claims arising from the rejection of any executory contract or unexpired lease shall be filed with the Bankruptcy Court within twenty (20) days after the earlier of (i) the date of the Bankruptcy Court order approving the Debtor's rejection of such executory contract or unexpired lease or (ii) the Confirmation Date. Any claims not filed within such time shall be forever barred against the Debtor, its estates and property and any such Claims shall be disallowed in full. Claims arising from such rejection, to the extent Allowed, shall be treated as Class C unsecured Claims.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1 - **Revestment.** The entry of an Order confirming this Plan shall revest in the Debtor all property of the estate free and clear of all liens except those specifically set forth in the Plan or as otherwise provided in the Plan.

11.2 - **Retention of Jurisdiction**. Notwithstanding confirmation of the Plan, the Court shall retain jurisdiction for the following purposes:

1.      Determination of the allowability of claims upon objection to such claims by the Debtor-in-Possession or by any other party in interest;

2.      Determination of the request for payment of claims entitled to priority under 11 U.S.C. Section 507(a)(2), including compensation of the parties entitled thereto;

3.      Resolution of any disputes regarding interpretation of the Plan;

4.      Implementation of the provisions of the Plan and entry of orders in aid of consummation of the Plan, including without limitation, appropriate orders to protect the revested Debtor from action by creditors;

5.      Modification of the Plan pursuant to 11 U.S.C. § 1127;

6.      Adjudication of any causes of action, including avoiding powers actions, brought by the Debtor-in-Possession, by the representative of the estate or by a Trustee appointed pursuant to the Code;

7.      Adjudication of any cause of action brought by the Debtor-in-Possession, Creditors Committee, by a representative of the estate, or by a Trustee appointed pursuant to the Code, or the revested Debtor exercising rights and powers as provided in 11 U.S.C. §§ 542-549. This section shall not be construed to limit any other power or right which the Debtors may possess under any section of the Code; and

8.      Entry of a final decree.

11.3 - **Satisfaction of Claims.** Upon completion of all payments due to Unclassified Priority Claims and Class 14 unsecured creditors, the Debtor shall receive a discharge pursuant to Section 1141(d). Confirmation of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan. Any obligation or note, previously in default, so modified, shall be cured as modified as of the Confirmation Date. This provision shall be operable regardless of whether the Plan provides for any obligation to be evidenced by a rewritten loan or security document following confirmation of the Plan.

11.4 - **Headings**.  The headings used in the Plan are for convenience of reference only and shall not limit or in any manner affect the meaning or interpretation of the Plan.

11.5 - **Notices.**    All notices, requests, demands, or other communications required or permitted in this Plan must be given in writing to the party(ies) to be notified.  All communications will be deemed delivered when received at the following addresses:

a.      To:
        Mr. Jose Leon
        12085 N. Meridian Rd.
        Peyton, CO  80831

        With a copy to:
        Lee M. Kutner
        Leigh A. Flanagan
        Kutner Brinen Garber, P.C.
        303 East 17th Avenue, Suite 500
        Denver, CO 80203
        Fax: 303-832-1510
        Email:lmk@kutnerlaw.com
        Email: laf@kutnerlaw.com

b.      To an allowed claimant, at the addresses set forth in the allowed Proof of Claim, if filed, other, at the address set forth for the claimant in the Debtor's Schedules filed with the Court.

11.6 - **Successors and Assigns**.  The Plan will be binding upon the Debtor, any creditor affected by the Plan and their heirs, successors, assigns and legal representatives.

11.7 - **Unclaimed Payments**.  If a person or entity entitled to receive a payment or distribution pursuant to this Plan fails to negotiate a check, accept a distribution or leave a forwarding address in the event notice cannot be provided as set forth in paragraph 11.5, within four months of the Effective Date of the Plan, the person or entity is deemed to have released and abandoned any right to payment or distribution under the Plan.

11.8 - **Committee Existence**.   Any Creditors Committee appointed in the bankruptcy case shall be disbanded as of the Effective Date of the Plan.

# ARTICLE XII
## CONFIRMATION REQUEST

12.1 - The Debtor, as proponent of the Plan, requests confirmation of the Plan pursuant to 11 U.S.C. § 1129.  The Debtor will solicit acceptance of the Plan after the Disclosure Statement has been approved by the Court and is transmitted to the creditors, interest holders and parties in interest.   In the event the Debtor does not obtain the necessary acceptances of its Plan, it may make application to the Court for confirmation of the Plan pursuant to 11 U.S.C. § 1129(b).  The Court may confirm the Plan if it does not discriminate unfairly and is fair and equitable with respect to each class of Claims or Interests that is impaired and has not voted to accept the Plan.

DATED: February 24, 2014

/s/ Jose Leon
Jose Leon

Lee M. Kutner
Leigh A. Flanagan
Kutner Brinen Garber, P.C.
303 East 17th Avenue, Suite 500
Denver, CO 80203
Telephone:  303- 832-2400
Fax: 303-832-1510
Email: lmk@kutnerlaw.com
Email: laf@kutnerlaw.com

ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION

With a copy to:

Lee M. Kutner

Leigh A. Flanagan

Kutner Brinen Garber, P.C.

303 East 17th Avenue, Suite 500

Denver, CO 80203

Fax: 303-832-1510

Email:lmk@kutnerlaw.com

Email: laf@kutnerlaw.com

     b.    To an allowed claimant, at the addresses set forth in the allowed Proof of Claim, if filed, other, at the address set forth for the claimant in the Debtor's Schedules filed with the Court.

    11.6 - **Successors and Assigns**.  The Plan will be binding upon the Debtor, any creditor affected by the Plan and their heirs, successors, assigns and legal representatives.

    11.7 - **Unclaimed Payments**.  If a person or entity entitled to receive a payment or distribution pursuant to this Plan fails to negotiate a check, accept a distribution or leave a forwarding address in the event notice cannot be provided as set forth in paragraph 11.5, within four months of the Effective Date of the Plan, the person or entity is deemed to have released and abandoned any right to payment or distribution under the Plan.

    11.8 - **Committee Existence**.  Any Creditors Committee appointed in the bankruptcy case shall be disbanded as of the Effective Date of the Plan.

## ARTICLE XII
## CONFIRMATION REQUEST

    12.1 - The Debtor, as proponent of the Plan, requests confirmation of the Plan pursuant to 11 U.S.C. § 1129.  The Debtor will solicit acceptance of the Plan after the Disclosure Statement has been approved by the Court and is transmitted to the creditors, interest holders and parties in interest.  In the event the Debtor does not obtain the necessary acceptances of its Plan, it may make application to the Court for confirmation of the Plan pursuant to 11 U.S.C. § 1129(b).  The Court may confirm the Plan if it does not discriminate unfairly and is fair and equitable with respect to each class of Claims or Interests that is impaired and has not voted to accept the Plan.

DATED: February 24, 2014

_____
Jose Leon

| JOSE E. LEON, 09-32205-ABC (SUMMARY OF MORTGAGE CLAIMS) | | | | | | | | |
| EXHIBIT A | | | | | | | | |
| Property Address | Lender Name & Address* | Account Number | Plan Class Number | Balance / Allowed Secured Claim for Plan Purposes | Fixed Interest Rate (Per Plan or Pursuant to Stipulation) | Amortization | Monthly Payment (Principal and Interest) | Stipulation With Lender |
|---|---|---|---|---|---|---|---|---|
| 12573 Pine Valley Circle Peyton, CO 80831 | America's Servicing Company, One Home Campus, Attn: Payment Processing MAC#X2302-04C, Des Moines, IA 50328 | 1256043510 | 2 | $128,971.78 | 4.50% | 30 years | $653.48 | No stipulation. |
| 6391 Binder Drive, Colorado Springs, CO 80923 | America's Servicing Company, One Home Campus, Attn: Payment Processing MAC#X2302-04C, Des Moines, IA 50328 | 1256043515 | 2 | $134,931.81 | 4.50% | 30 years | $683.68 | No stipulation. |
| 6423 Binder Drive, Colorado Springs, CO 80923 | America's Servicing Company, One Home Campus, Attn: Payment Processing MAC#X2302-04C, Des Moines, IA 50328 | 1256045089 | 2 | $134,979.03 | 4.50% | 30 years | $683.92 | No stipulation. |
| 12563 Pine Valley Circle Peyton, CO 80831 | America's Servicing Company, One Home Campus, Attn: Payment Processing MAC#X2302-04C, Des Moines, IA 50328 | 1146033227 | 2 | $127,701.61 | 4.50% | 30 years | $647.05 | No stipulation. |
| 6305 Casual Drive, Colorado Springs, CO 80923 | America's Servicing Company, One Home Campus, Attn: Payment Processing MAC#X2302-04C, Des Moines, IA 50328 | 1146033223 | 2 | $141,771.36 | 4.50% | 30 years | $718.33 | No stipulation. |
| 12623 Pine Valley Circle Peyton, CO 80831 | America's Servicing Company, One Home Campus, Attn: Payment Processing MAC#X2302-04C, Des Moines, IA 50328 | 1256045090 | 2 | $136,737.26 | 4.50% | 30 years | $692.83 | No stipulation. |

| Property | Creditor / Servicer | Account No. | No. | Amount | Interest Rate | Term | Payment | Stipulation |
|---|---|---|---|---|---|---|---|---|
| 6431 Binder Drive, Colorado Springs, CO 80923 | JP Morgan Case, Chase Home Finance, P.O. Box 182106, Attn: Dept. G7-PP, Columbus, OH 43218. Overnight mail: Chase Home Finance, 3415 Vision Drive, Dept. OHH-7142, Columbus, OH 43219 | 23709025 | 4 | $120,659.17 | 5.50% | 30 years | $685.09 | Stipulation filed with prior Plan, dated 8/14/2012 (5.5% interest). Second Stipulation 11/19/2012. (Docket #692, pages 28-31 of 57) |
| 6464 Casual Drive, Colorado Springs, CO 80923 | JP Morgan Chase, 3415 Vision Drive, OH-4-7142, Columbus, OH, 43219 | 23709017 | 4 | $147,195.18 | 5.50% | 30 years | $835.76 | Stipulation filed with prior Plan, dated 8/14/2012 (5.5% interest). Second Stipulation 11/19/2012. (Docket #692, pages 28-31 of 57) |
| 6585 Sonny Blue Drive, Colorado Springs, CO 80923 | J.P. Morgan Acquisition Corp. | 1846679353 | 4.3 | $131,832.19 | 5.50% | amortized over the balance of the loan term for the existing loan. (note: monthly P&I payment based on 30 years) | $748.53 | Stipulation filed with prior Plan, dated 8/15/2012 (5.5% interest). (Docket #692, pages 32-36 of 57) |
| 12885 Royal Birkdale | American Home Mortgage Servicing, 1525 Beltline Road, Suite 100 N, Coppell, TX 75019 (may have transferred to CITI Mortgage) | 4000405904 or 55288252 | 5 | $156,297.22 | 4.50% | 30 years | $791.94 | No stipulation. |
| 6526 Cache | American Home Mortgage Servicing, 1525 Beltline Road, Suite 100 N, Coppell, TX 75019. (transferred to Ocwen Loan Servicing, LLC) | 4000429151 or 56021678 | 3.1 | $131,410.27 | 4.50% | 30 years | $665.84 | No stipulation. |
| 11005 Inglewood | CitiMortgage, Inc. PO Box 688971 Des Moines, IA 50368-8971 | 0001014653-8 or 1014653 | 3.2 | $79,097.85 | rate set forth in underlying CITI loan docs (estimated monthly P&I payment based on 6.0%) | remaining term of loan (estimated monthly P&I payment based on 30 years) | $474.23 | Stipulation with CITI Mortgage filed with prior Plan (rate and term under current loan docs) (Docket #692, pages 25-27 of 57) |

| Address | Servicer | Loan Number | | Amount | Rate | Term | Payment | Notes |
|---|---|---|---|---|---|---|---|---|
| 12870 Royal Birkdale, Peyton CO 80831 | Select Portfolio Servicing, 3815 S.W. Temple, Salt Lake City, UT 84115-4412 (First Franklin) | 12393229 or 1044193821 | 8 | $175,831.78 | 4.50% | 30 years | $890.91 | Loan modification effective 7/1/2012, filed with Plan. Loan modification inluded balance of $175,831.78, $890.91 (P&I), $1,069.18 (PITI). (Docket #692, page 48 of 57) |
| 6311 Balance Circle Colorado Springs, CO 80922 | Select Portfolio Servicing, 3815 S.W. Temple, Salt Lake City, UT 84115-4412 (First Franklin) | 12393203 or 1044193819 | 8 | $177,972.78 | 4.50% | 30 years | $901.76 | Loan modification effective 7/1/2012, filed with Plan. Loan modification inluded balance of $177,972.78. $810.01 (P&I), $971.85 (PITI). (Docket #692, page 49 of 57) |
| 6327 Balance Circle Colorado Springs, CO 80922 | Select Portfolio Servicing, 3815 S.W. Temple, Salt Lake City, UT 84115-4412 (First Franklin) | 12393211 or 1044193820 | 8 | $131,364.33 | 4.50% | 30 years | $665.60 | Loan modification effective 7/1/2012, filed with Plan. Loan modification inluded balance of $131,364.33, $729.51 (P&I), $884.84 (PITI). (Docket #692, page 50 of 57) |
| 6465 Casual Drive, Colorado Springs, CO 80923 | GMAC Mortgage, LLC, 3451 Hammond Ave, Waterloo, IA 50702 (previously U.S. Bank, N.A., now serviced by Ocwen Loan Servicing, LLC, may be associated with Homecomings). | 7401262035 | 10 | $142,100.86 | 5.25% | 22 years (7/1/36) | $908.71 | Stipulation with GMAC dated 8/16/2012, filed with prior Plan. (Docket #692, pages 51-54 of 57) |
| 6445 Aquatic Circle | GMAC Mortgage, LLC, 3451 Hammond Ave, Waterloo, IA 50702 (previously U.S. Bank, N.A., now serviced by Ocwen Loan Servicing, LLC, may be associated with Homecomings). | 7401262043 | 10 | $135,944.50 | 5.25% | 22 years (7/1/36) | $869.34 | Stipulation with GMAC dated 8/16/2012, filed with prior Plan. (Docket #692, pages 51-54 of 57) |
| 6410 Ferndale | GMAC Mortgage, LLC, 3451 Hammond Ave, Waterloo, IA 50702 (previously U.S. Bank, N.A., now serviced by Ocwen Loan Servicing, LLC, may be associated with Homecomings). | 7401262068 | 10 | $143,179.19 | 5.25% | 22 years (8/1/36) | $915.60 | Stipulation with GMAC dated 8/16/2012, filed with prior Plan. (Docket #692, pages 51-54 of 57) |
| 34114 Fortunado Street | Foreclosure complete. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 6312 Balance Circle Colorado Springs, CO 80922 | Select Portfolio Servicing, 3815 S.W. Temple, Salt Lake City, UT 84115-4412 | 11034873 | 4 | $148,276.01 | 4.50% | 30 years | $751.29 | Loan modification effective 7/1/2012, filed with Plan.  Loan modification inluded balance of $148,276.01,  $751.29 (P&I), $886.91 (PITI) (Docket #692, pages 46-47 of 57) |
| 7611 Bullet | Wachovia Mortgage, FSB (Wells Fargo Home Mortgage). Payment to:  Wells Fargo Home Mortgage, 1 Home Campus, Des Moines, IA  50328-0001. | 48225478 | 11 | $178,439.48 | 6.00% | 30 years | $1,069.83 | Stipulation dated 8/13/2012, filed with prior Plan (6.0% interest). (Docket #692, pages 55-57 of 57) |
| 7812 Tompkins | Wachovia Mortgage, FSB (loan sold in August 2012, now serviced by Carrington Mortgage Services, LLC ). | Wachovia loan number: 48225841. Carrington loan number: 7000036541 | 11 | $160,228.24 | 6.00% | 30 years | $960.65 | Stipulation dated 8/13/2012, filed with prior Plan (6.0% interest). (Docket #692, pages 55-57 of 57) |
| 7880 Midnight | Wachovia Mortgage, FSB | 48225759 | 11 | $193,008.43 | 6.00% | 30 years | $1,157.18 | Stipulation dated 8/13/2012, filed with prior Plan (6.0% interest). (Docket #692, pages 55-57 of 57) |
| 6475 Summer Grace | Wachovia Mortgage, FSB | 48225668 | 11 | $185,724.00 | 6.00% | 30 years | $1,113.51 | Stipulation dated 8/13/2012, filed with prior Plan (6.0% interest). (Docket #692, pages 55-57 of 57) |
| 12821 Royal Birkdale, Peyton CO 80831 | Wachovia Mortgage, FSB (Wells Fargo Home Mortgage). Payment to:  Wells Fargo Home Mortgage, 1 Home Campus, Des Moines, IA  50328-0001. | 23140809 | 11 | $122,930.98 | 6.00% | 30 years | $737.03 | Stipulation dated 8/13/2012, filed with prior Plan (6.0% interest). (Docket #692, pages 55-57 of 57) |
| 9156 Sunningdale Road | Wachovia Mortgage, FSB (Wells Fargo Home Mortgage). Payment to:  Wells Fargo Home Mortgage, 1 Home Campus, Des Moines, IA  50328-0001. | 21766068 | 11 | $133,715.07 | 6.00% | 30 years | $801.69 | Stipulation dated 8/13/2012, filed with prior Plan (6.0% interest). (Docket #692, pages 55-57 of 57) |
| 7506 Stephenville Road | Wachovia Mortgage, FSB (Wells Fargo Home Mortgage) | 21766290 | 11 | $127,096.86 | 6.00% | 30 years | $762.01 | Stipulation dated 8/13/2012, filed with prior Plan (6.0% interest). (Docket #692, pages 55-57 of 57) |

| Property | Lender | Account | No. | Amount | Rate | Term | Payment | Notes |
|---|---|---|---|---|---|---|---|---|
| 6303 Balance Circle, Colorado Springs, CO 80922 | Wachovia Mortgage, FSB (Wells Fargo Home Mortgage) | 23287089 | 11 | $105,813.74 | 6.00% | 30 years | $634.41 | Stipulation dated 8/13/2012, filed with prior Plan (6.0% interest). (Docket #692, pages 55-57 of 57) |
| 12845 Royal Birkdale, Peyton CO 80831 | Wachovia Mortgage, FSB | 23140973 | 11 | $127,139.24 | 6.00% | 30 years | $762.26 | Stipulation dated 8/13/2012, filed with prior Plan (6.0% interest). (Docket #692, pages 55-57 of 57) |
| 12822 Royal Birkdale, Peyton CO 80831 | Wells Fargo Bank, N.A. a/k/a Wachovia Mortgage. Send payments to: Wells Fargo Home Mortgage, 1 Home Campus X2302-041, Des Moines, IA 50328-0001 | 23140890 | 11 | $126,846.30 | 6.00% | 30 years | $760.51 | Stipulation dated 8/13/2012, filed with prior Plan (6.0% interest). (Docket #692, pages 55-57 of 57) |
| 12085 N Meridian Rd, Peyton, CO 80831 (Personal Residence) | JP Morgan Chase bank, NA, Attn: OH 4-7133, 3415 Vision Drive, Columbus, OH 43219 (May be held by WAMU now) | 685369001 | 4 | $636,486.77 | 5.50% | 30 years | $3,613.90 | Stipulation filed with prior Plan, dated 8/15/2012. Secured claim of $636,486.77, 5.5%, 30 years. (Docket #692, pages 37-40 of 57) |
| 12603 Pine Valley Circle, Peyton, CO 80831 | JP Morgan Chase Bank, NA, Attn: OH 4-7133, 3415 Vision Drive, Columbus, OH 43219 (May be held by WAMU now) | 670258136 | 4 | $116,335.66 | 5.50% | 30 years | $660.54 | Stipulation filed with prior Plan, dated 8/15/2012. Second Stipulation filed 11/19/2012. (Docket #692, pages 41-45 of 57) |
| 6424 Balance Circle, Colorado Springs, CO 80922 | JP Morgan Chase Bank, NA, Attn: OH 4-7133, 3415 Vision Drive, Columbus, OH 43219 (May be held by WAMU now) | 668688575 | 4 | $128,961.76 | 5.50% | 30 years | $732.23 | Stipulation filed with prior Plan, dated 8/15/2012. Second Stipulation filed 11/19/2012. (Docket #692, pages 41-45 of 57) |
| 6487 Summer Grace, Colorado Springs, CO 80922 | JP Morgan Chase Bank, NA, Attn: OH 4-7133, 3415 Vision Drive, Columbus, OH 43219 (May be held by WAMU now) | 668688179 | 4 | $140,475.03 | 5.50% | 30 years | $797.60 | Stipulation filed with prior Plan, dated 8/15/2012. Second Stipulation filed 11/19/2012. (Docket #692, pages 41-45 of 57) |
| 12533 Pine Valley Circle, Peyton, CO 80831 | JP Morgan Chase Bank, NA, Attn: OH 4-7133, 3415 Vision Drive, Columbus, OH 43219 (May be held by WAMU now) | 667998512 | 4 | $118,113.71 | 5.50% | 30 years | $670.64 | Stipulation filed with prior Plan, dated 8/15/2012. Second Stipulation filed 11/19/2012. (Docket #692, pages 41-45 of 57) |
| 6207 Balance Circle, Colorado Springs, CO 80922 | JP Morgan Chase Bank, NA, Attn: OH 4-7133, 3415 Vision Drive, Columbus, OH 43219 (May be held by WAMU now) | 670257559 | 4 | $130,262.24 | 5.50% | 30 years | $739.61 | Stipulation filed with prior Plan, dated 8/15/2012. Second Stipulation filed 11/19/2012. (Docket #692, pages 41-45 of 57) |

| Property | Lender | Account # | | Balance | Rate | Term | Payment | Stipulation |
|---|---|---|---|---|---|---|---|---|
| 8993 Kingston Heath Rd Colorado Springs, CO 80922 | JP Morgan Chase Bank, NA, Attn: OH 4-7133, 3415 Vision Drive, Columbus, OH 43219 (May be held by WAMU now) | 656600749 | 4 | $160,388.27 | 5.50% | 30 years | $910.67 | Stipulation filed with prior Plan, dated 8/15/2012. Second Stipulation filed 11/19/2012. (Docket #692, pages 41-45 of 57) |
| 12267 St Annes Road | Wells Fargo Home Mortgage One Home Campus, Attn: Payment Processing MACHX2302-04C, Des Moines, IA 50328-0001 | 146296397 or 708-0146296397 | 13 | $169,169.00 | 4.50% | 30 years | $857.15 | No stipulation. |
| 6439 Binder Drive, Colorado Springs, CO 80923 | Wells Fargo Home Mortgage One Home Campus, Attn: Payment Processing MACHX2302-04C, Des Moines, IA 50328-0001 | 151226982 or 708-0151226982 | 13 | $131,636.73 | 4.50% | 30 years | $666.98 | No stipulation. |
| 12249 Crystal Downs | Wells Fargo Home Mortgage One Home Campus, Attn: Payment Processing MACHX2302-04C, Des Moines, IA 50328-0001 | 148524903 or 708-0148524903 | 13 | $182,389.19 | 4.50% | 30 years | $924.14 | No stipulation. |
| 6383 Balance Circle Colorado Springs, CO 80922 | Wells Fargo Home Mortgage One Home Campus, Attn: Payment Processing MACHX2302-04C, Des Moines, IA 50328-0001 | 151223922 or 708-0151223922 | 13 | $134,373.07 | 4.50% | 30 years | $680.85 | No stipulation. |

TOTALS:

$6,135,787.95 — Total secured debt per Debtor's balances.

$34,197.28 — Estimated monthly P&I mortgage payments under Plan.

* In some cases, the lender and/or services has changed one or more times since the Petition Date. The information in this column is the last known information by the Debtor.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                          )
                                                )
JOSE E. LEON,                                   )          Case No. 09-32205-ABC
SSN: XXX-XX-0765                                )          Chapter 11
                                                )
        Debtor.                                 )

## STIPULATION TO PLAN TREATMENT

The Debtor and CITI Mortgage, LLC ("CITI") by and through their undersigned counsel stipulate to a modification of the Debtor's Plan of Reorganization dated January 4, 2012 ("Plan"), as follows:

1.      CITI is a secured creditor in the captioned case holding or servicing promissory notes secured by deeds of trust encumbering several residential properties owned by the Debtor and located generally in the Colorado Springs, Colorado area plus one property in California.  The properties and original note amounts are set forth on Exhibit A attached hereto.

2.      The Plan provides for the restructuring of each of the CITI loans.

3.      The Plan provides that the principal balance of each loan, the interest rate applicable to repayment, and the amortization term will be as set forth in the Plan or as agreed to by the parties. If the parties agree to alternative treatment it needs to be set forth in a stipulation filed with the Court.  The Plan treatment of CITI, Class 3.2, is set forth at paragraphs 6.1(a-d) of the Plan.

4.      CITI objected to the treatment of its secured claim under the Plan but agrees to the secured treatment set forth in this Stipulation as the treatment of its Class 3.2 claims.

5.      The treatment of CITI under the Plan shall be modified to provide as follows:

    a.      The Allowed Secured Claim for the loan due on the Effective Date of the Plan shall consist of the outstanding principal balance due plus all outstanding past due interest, fees, and costs allowed pursuant to the terms of the underlying promissory note;

    b.      The interest rate shall be the rate set forth in the underlying CITI loan documents;

   c.     The CITI loan shall be paid on a monthly basis according to the terms of the underlying promissory note however the arrearage on the CITI loan due as of the Effective Date of the Plan shall be paid in equal monthly installments over the sixty (60) month period commencing on the Effective Date of the Plan. The payment to cure the arrearage on the loan shall be in addition to the regular monthly payment provided for under the terms of the promissory note.

6.     The CITI Allowed Secured Claim shall be modified as set forth in the preceding paragraph and otherwise it shall be treated as set forth in the underlying promissory note, deed of trust, and the Plan.

7.     Based upon this Stipulation, CITI votes to accept the Plan as a Class 3.2 claimant and withdraws its Objection to confirmation of the Plan.

DATED: August __, 2012

Respectfully submitted,

By: _____
Lee M. Kutner #10966
**KUTNER MILLER BRINEN, P.C.**
303 East 17th Avenue, Suite 500
Denver, CO 80203
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
lmk@kutnerlaw.com

By: _____
Deanna L. Westfall
**CASTLE STAWIARSKI, LLC**
999 18th St., Suite 2301
Denver, Colorado 80202
Telephone: (303) 865-1439
Email:dwestfall@cmsatty.com

24

## EXHIBIT A

| Address | Original Principal | Loan Number |
|---|---|---|
| 11005 Inglewood Ave. | $77,441.19 | 0001014653-8 |
|  |  |  |
|  |  |  |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                            )
                               )
JOSE E. LEON,               )     Case No. 09-32205-ABC
SSN: XXX-XX-0765       )     Chapter 11
                               )
     Debtor.                 )

## STIPULATION TO PLAN TREATMENT

The Debtor and JP Morgan Chase ("Chase") by and through their undersigned counsel stipulate to a modification of the Debtor's Plan of Reorganization dated January 4, 2012 ("Plan"), as follows:

     1.      Chase is a servicer or secured creditor in the captioned case holding promissory notes secured by deeds of trust encumbering several residential properties owned by the Debtor and located generally in the Colorado Springs, Colorado area. The properties and original note amounts are set forth on Exhibit A attached hereto. The Chase loans are sometimes referenced as being held by US Bank N.A. as trustee for the Structured Asset Securities Corp. Mortgage Pass-Through Certificates, Series 2006-BC5.

     2.      The Plan provides for the restructuring of each of the Chase loans.

     3.      The Plan provides that the principal balance of each loan, the interest rate applicable to repayment, and the amortization term will be as set forth in the Plan or as agreed to by the parties. If the parties agree to alternative treatment it needs to be set forth in a stipulation filed with the Court. The Plan treatment of Chase, Classes 4.1 and 4.2, is set forth at paragraphs 6.1(a-d) of the Plan.

     4.      Chase objected to the treatment of its secured claim under the Plan but agrees to the secured treatment set forth in this Stipulation as the treatment of its Class 4.1 and 4.2 claims.

     5.      The treatment of Chase under the Plan shall be modified to provide as follows:

            a.      The Allowed Secured Claim for each of the loans due on the Effective Date of the Plan shall consist of the outstanding principal balance due plus all outstanding past due interest, fees, and costs allowed pursuant to the terms of each underlying promissory note;

26

b.      The new interest rate that shall be applied to each loan shall be 5.5% per

annum;

c.      Each loan will be amortized over a term consisting of the balance of the loan

term for each existing loan commencing on the Effective Date of the Plan and

paid in equal monthly installments over such term.

6.      Creditor will provide a payoff to Debtor for review and acknowledgement.  If no

objections to the payoff are lodged within 7 days, the payoff shall be deemed accepted and the 1st

payment under the stipulated terms shall be due October 1, 2012.  The Chase Allowed Secured

Claim shall be modified as set forth in the preceding paragraph and otherwise it shall be treated as set

forth in the underlying promissory notes, deeds of trust, and the Plan.

7.      Based upon this Stipulation, Chase votes to accept the Plan as a Class 4.1 and 4.2

claimant and withdraws its Objection to confirmation of the Plan.


DATED:  August 1*, 2012


                                        Respectfully submitted,

                                        By: _____
                                             Lee M. Kutner #10966
                                             **KUTNER MILLER BRINEN, P.C.**
                                             303 East 17th Avenue, Suite 500
                                             Denver, CO 80203
                                             Telephone:  (303) 832-2400
                                             Telecopy: (303) 832-1510
                                             lmk@kutnerlaw.com



                                        By: _____
                                             Deanna L. Westfall
                                             **CASTLE STAWIARSKI, LLC**
                                             999 18th St., Suite 2301
                                             Denver, Colorado  80202
                                             Telephone:  (303) 865-1439
                                             Email:dwestfall@cmsatty.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 15, 2012, I served by prepaid first class mail a copy of the foregoing **STIPULATION TO PLAN TREATMENT** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Paul V. Moss, Esq.
United States Trustee's Office
999 18th Street, Suite 1551
Denver, CO 80202

Deanna L. Westfall, Esq.
Kimberly Martinez, Esq.
Castle, Meinhold & Stawiarski, LLC
999 18th Street, Suite 2201
Denver, CO 80202

Susan J. Hendrick, Esq.
Catherine Hildreth, Esq.
Aronowitz & Mecklenberg, LLP
1199 Bannock Street
Denver, CO 80204

Neal Valorz, Esq.
Robert J. Hopp & Associates, LLC
333 West Colfax Avenue
Suite 400
Denver, CO 80204-2637

Vicky Martina

**EXHIBIT A**

| Address | Original Principal | Loan Number | |
|---|---|---|---|
| 6464 Casual Drive | $158,387.90 | 23709017 | |
| 6431 Binder | $130,142.81 | 23709025 | |
| | | | |
| | | | |

Case:09-32205-ABC   Doc#:692   Filed:10/02/12   Entered:10/02/12 11:44:25   Page32 of 57

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                                )
                                                      )
JOSE E. LEON,                                         )          Case No. 09-32205-ABC
SSN: XXX-XX-0765                                      )          Chapter 11
                                                      )
       Debtor.                                        )

## STIPULATION TO PLAN TREATMENT

The Debtor and J.P. Morgan Acquisition Corp. ("JPM") by and through their undersigned counsel stipulate to a modification of the Debtor's Plan of Reorganization dated January 4, 2012 ("Plan"), as follows:

1.      JPM is a secured creditor in the captioned case holding a promissory note secured by a deed of trust encumbering a residential property owned by the Debtor and located in the general location of Colorado Springs, Colorado.   The property and original note amounts are set forth on Exhibit A attached hereto.

2.      The Plan provides for the restructuring of each of the JPM loans.

3.      The Plan provides that the principal balance of each loan, the interest rate applicable to repayment, and the amortization term will be as set forth in the Plan or as agreed to by the parties. If the parties agree to alternative treatment it needs to be set forth in a stipulation filed with the Court. The Plan treatment of JPM, Class 4.3, is set forth at paragraphs 6.1(a-d) of the Plan.

4.      JPM objected to the treatment of its secured claim under the Plan but agrees to the secured treatment set forth in this Stipulation as the treatment of its Class 4.3 claim.

5.      The treatment of Chase under the Plan shall be modified to provide as follows:

   a.      The Allowed Secured Claim for each of the loans due on the Effective Date of the Plan shall consist of the outstanding principal balance due plus all outstanding past due interest, fees, and costs allowed pursuant to the terms of each underlying promissory note;

   b.      The new interest rate that shall be applied to each loan shall be 5.5% per annum;

   c.      Each loan will be amortized over a term consisting of the balance of the loan term for each existing loan commencing on the Effective Date of the Plan and paid in equal monthly installments over such term; and

   d.      To the extent that JPM has paid the real property taxes or insurance for any given property, it may add the amount paid for tax or insurance into the particular loan balance. JPM shall provide the Debtor with evidence of the amount and party paid prior to adding the amount into the loan balance.

6.      Creditor will provide a payoff to Debtor for review and acknowledgement. If no objections to the payoff are lodged within 7 days, the payoff shall be deemed accepted and the 1st payment under the stipulated terms shall be due October 1, 2012. The JPM Allowed Secured Claim shall be modified as set forth in the preceding paragraph and otherwise it shall be treated as set forth in the underlying promissory notes, deeds of trust, and the Plan.

7.      Once the Plan is confirmed and effective, both parties agree that the automatic stay is terminated as to JPM, who in the event of a default by the Debtor under the underlying loan documents as modified, has relief from the automatic stay to foreclose its deed of trust that secures the loan that is in default and no further relief shall be required with respect to JPM's exercise of its remedies under state law.

8.      Based upon this Stipulation, JPM votes to accept the Plan as a Class 4.3 claimant and withdraws its Objection to confirmation of the Plan.

DATED: August 15, 2012

Respectfully submitted,

By: _____

Lee M. Kutner #10966
**KUTNER MILLER BRINEN, P.C.**
303 East 17th Avenue, Suite 500
Denver, CO 80203
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
lmk@kutnerlaw.com
Attorney for Debtor

31

By: _____
    Susan J. Hendrick #33196
**ARONOWITZ & MECKLENBURG, LLP**
1199 Bannock Street
Denver, Colorado 80204
Telephone: (303) 813-1177
Email:bk@amlawco.com
Attorney for J.P. Morgan Acquisition Corp.

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 15, 2012, I served by prepaid first class mail a copy of the foregoing **STIPULATION TO PLAN TREATMENT** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Paul V. Moss, Esq.
United States Trustee's Office
999 18th Street, Suite 1551
Denver, CO 80202

Deanna L. Westfall, Esq.
Kimberly Martinez, Esq.
Castle, Meinhold & Stawiarski, LLC
999 18th Street, Suite 2201
Denver, CO 80202

Susan J. Hendrick, Esq.
Catherine Hildreth, Esq.
Aronowitz & Mecklenberg, LLP
1199 Bannock Street
Denver, CO 80204

Neal Valorz, Esq.
Robert J. Hopp & Associates, LLC
333 West Colfax Avenue
Suite 400
Denver, CO 80204-2637

Vicky Martina

33

EXHIBIT A

| Address | Original Principal | Loan Number |
|---|---|---|
| 6585 Sonny Blue | $140,102.78 | 1846679353 |

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO

CASE NO. 09-32205-ABC, Chapter 11

In re:

Jose E. Leon, Debtor

JPMorgan Chase Bank, N.A., Creditor

---

**STIPULATION FOR DEBTOR'S CHAPTER 11 PLAN TREATMENT OF THE CLAIM OF CLASS FOUR (4) CREDITOR JPMORGAN CHASE BANK, N.A. FOR THE DEBTOR'S PRIMARY RESIDENCE (PROOF OF CLAIM # 22)**

---

      **COMES NOW** the Debtor, by and through his attorneys, Kutner Miller Brinen PC, and JPMorgan Chase Bank, N.A., Creditor, by and through its attorneys, The Hopp Law Firm, LLC, stipulate and agree as follows:

1. On October 20, 2009, the debtor commenced the bankruptcy case by filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2. Debtor is the current owner of the real property that is listed in the Chapter 11 Plan and Schedules as his primary residence, and is commonly known as 12085 N. Meridian Rd., Peyton, CO 80831 (the "Property").

3. Debtor executed a note and deed of trust in the amount of $712,500.00 on June 10, 2005. The deed of trust was recorded in the El Paso County Clerk's office on June 17, 2005 at reception number 205090537. The original lender on the note and deed of trust was Washington Mutual Bank, FA. The Creditor is the current holder of the note and deed of trust.

4. Creditor's Proof of Claim was filed with the Court on December 3, 2009 as claim number 22. The total amount due as listed in the Proof of Claim was $673,149.46, and an arrears amount of $4,626.01.

5. On January 4, 2012, the Debtor filed his amended Plan of reorganization dated January 4, 2012. The Plan provided for treatment of Creditor's claim.

6. Debtor and Creditor have agreed to modify, and hereby do modify and clarify the Plan's treatment of Creditor's claim and memorialize the terms of the agreement in this Stipulation.

7.  Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern.

8.  Creditor shall have a secured claim under the Note in the amount of $636,486.77 (the "secured claim"). The secured claim shall be amortized over thirty (30) years at the fixed interest rate of 5.5% per annum, resulting in a monthly principal and interest payment of $3,613.89 (the "principal and interest payments"). The modification of the loan will be processed as soon as the Order enters granting this Stipulation agreement. Commencing on the first day of October 2012, and monthly thereafter, Debtor shall tender the principal and interest payments to Creditor. On the first day of September 2042 (the "maturity date"), the Note shall mature, at which time all outstanding amounts under the secured claim, if any, are to be paid in full. All payments made under this Stipulation will be credited to the outstanding balance due under the secured claim.

9.  In addition to the principal and interest payments described in paragraph 8 of this Stipulation, Debtor shall tender escrow payments ("escrow payments") to Creditor for real property taxes and hazard insurance to be advanced by Creditor. Commencing on the first day of October 2012, and monthly thereafter until the maturity date, Debtor shall tender the escrow payments together with the regular monthly principal and interest payments described in paragraph 8 above. Creditor or its counsel shall inform the Debtor or his counsel of the amount of the escrow payment and any changes thereof.

10. In the event Creditor does not receive the monthly payment of principal, interest and escrow as provided for by the Note and as modified herein, while this case remains open counsel for Creditor may submit a Verified Motion to Enforce the Terms of this Stipulation , indicating that Creditor is entitled to Relief from Stay. Movant will mail a copy of the said Verified Motion to Enforce Terms of this Stipulation to Debtor and Debtor's counsel, although Debtor agrees that said Verified Motion to Enforce Terms of this Stipulation shall be granted **ex parte** without a hearing. If the case is no longer open then Creditor will commence foreclosure proceedings in accordance with the Colorado Statutes that govern the foreclosure process.

11. The terms of this Stipulation hereby modify and clarify Debtor's Chapter 11 Plan. Creditor shall vote in favor of Debtor's Plan as modified by this Stipulation and shall not oppose confirmation of Debtor's Plan for this claim's treatment. This Creditor has several other claims for other properties that Debtor has listed in his Plan. This Stipulation does not speak to any other claim or property. This Stipulation is only speaking to the claim on the property commonly known as 12085 N. Meridian Rd., Peyton, CO 80831 which is Proof of Claim 22. The terms of this Stipulation may not be modified, altered, or changed by the Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed amended Chapter 11 Plan and confirmation order thereon without the express written consent of the parties.

12. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note.

*Page 2 of 3*
*«MAT_10103»/CO-B113*
*Stipulation Re MFR*

13.    This Stipulation shall bind all successors and assigns of the parties.

14.    This Stipulation may be amended only by a writing signed by or on behalf of Creditor and the Debtor.

15.    Each party hereto authorizes his, her or its counsel to execute the Stipulation on behalf of such party.

16.    Facsimile signatures shall be deemed the equivalent of original signatures hereon.

**THE HOPP LAW FIRM, LLC**

Dated:    8/15/12

Neal J. Valorz-No.CO42496
Attorneys for Creditor
333 W. Colfax Ave., Ste. 400
Denver, CO 80204
Phone: 303-225-0800

**KUTNER MILLER BRINEN, P.C.**

Dated:    8-15-12

Lee M. Kutner
Aaron A. Garber
Attorneys for Debtor
303 E 17th Avenue, Suite 500
Denver, CO  80203
Phone: 303-832-2400

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 15, 2012, I served by prepaid first class mail a copy of the foregoing **STIPULATION FOR DEBTOR'S CHAPTER 11 PLAN TREATMENT OF THE CLAIM OF CLASS FOUR (4) CREDITOR JP MORGAN CHASE BANK, N.A. FOR THE DEBTOR'S PRIMARY RESIDENCE (PROOF OF CLAIM #22)** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Paul V. Moss, Esq.
United States Trustee's Office
999 18th Street, Suite 1551
Denver, CO 80202

Deanna L. Westfall, Esq.
Kimberly Martinez, Esq.
Castle, Meinhold & Stawiarski, LLC
999 18th Street, Suite 2201
Denver, CO 80202

Susan J. Hendrick, Esq.
Catherine Hildreth, Esq.
Aronowitz & Mecklenberg, LLP
1199 Bannock Street
Denver, CO 80204

Neal Valorz, Esq.
Robert J. Hopp & Associates, LLC
333 West Colfax Avenue
Suite 400
Denver, CO 80204-2637

**Vicky Martina**

38

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                    )
                                          )
JOSE E. LEON,                             )        Case No. 09-32205-ABC
SSN: XXX-XX-0765                          )        Chapter 11
                                          )
        Debtor.                           )

## STIPULATION TO PLAN TREATMENT

        The Debtor and JP MorganChase ("Chase") by and through their undersigned counsel
stipulate to a modification of the Debtor's Plan of Reorganization dated January 4, 2012 ("Plan"), as
follows:

        1.      Chase is a secured creditor in the captioned case holding promissory notes secured by
deeds of trust encumbering several residential properties owned by the Debtor and located in the
general location of Colorado Springs, Colorado.   The properties and original note amounts are set
forth on Exhibit A attached hereto.

        2.      The Plan provides for the restructuring of each of the Chase loans.

        3.      The Plan provides that the principal balance of each loan, the interest rate applicable
to repayment, and the amortization term will be as set forth in the Plan or as agreed to by the parties.
If the parties agree to alternative treatment it needs to be set forth in a stipulation filed with the
Court.  The Plan treatment of Chase, Classes 4.6, 4.7, 4.8, 4.9, 4.10, and 4.11, is set forth at
paragraphs 6.1(a-d) of the Plan.

        4.      Chase objected to the treatment of its secured claim under the Plan but agrees to the
secured treatment set forth in this Stipulation as the treatment of its Class 4.6, 4.7, 4.8, 4.9, 4.10, and
4.11 claims.

        5.      The treatment of Chase under the Plan shall be modified to provide as follows:

        a.      The Allowed Secured Claim for each of the loans due on the Effective Date
                of the Plan shall consist of the outstanding principal balance due plus all
                outstanding past due interest, fees, and costs allowed pursuant to the terms of
                each underlying promissory note;

        b.      The new interest rate that shall be applied to each loan shall be 5.5% per
                annum;

39

    c.        Each loan will be amortized over a term consisting of the balance of the loan term for each existing loan commencing on the Effective Date of the Plan and paid in equal monthly installments over such term; and

    d.        To the extent that Chase has paid the real property taxes or insurance for any given property, it may add the amount paid for tax or insurance into the particular loan balance.  Chase shall provide the Debtor with evidence of the amount and party paid prior to adding the amount into the loan balance.

6.      Creditor will provide a payoff to Debtor for review and acknowledgement.  If no objections to the payoff are lodged within 7 days, the payoff shall be deemed accepted and the 1st payment under the stipulated terms shall be due October 1, 2012.  The Chase Allowed Secured Claim shall be modified as set forth in the preceding paragraph and otherwise it shall be treated as set forth in the underlying promissory notes, deeds of trust, and the Plan.

7.      Once the Plan is confirmed and effective, both parties agree that the automatic stay is terminated as to Chase, who in the event of a default by the Debtor under the underlying loan documents as modified, has relief from the automatic stay to foreclose its deed of trust that secures the loan that is in default and no further relief shall be required with respect to Chase's exercise of its remedies under state law.

8.      Based upon this Stipulation, Chase votes to accept the Plan as a Class 4.6, 4.7, 4.8, 4.9, 4.10, and 4.11 claimant and withdraws its Objection to confirmation of the Plan.

DATED:  August 15, 2012

Respectfully submitted,

By: _____

Lee M. Kutner #10966

**KUTNER MILLER BRINEN, P.C.**
303 East 17th Avenue, Suite 500
Denver, CO 80203
Telephone:  (303) 832-2400
Telecopy: (303) 832-1510
lmk@kutnerlaw.com
Attorney for Debtor

40

By: _____
Susan J. Hendrick #33196
**ARONOWITZ & MECKLENBURG, LLP**
1199 Bannock Street
Denver, Colorado  80204
Telephone:  (303) 813-1177
Email:bk@amlawco.com
Attorney for JP MorganChase

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 15, 2012, I served by prepaid first class mail a copy of the foregoing **STIPULATION TO PLAN TREATMENT** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:


Paul V. Moss, Esq.
United States Trustee's Office
999 18th Street, Suite 1551
Denver, CO 80202

Deanna L. Westfall, Esq.
Kimberly Martinez, Esq.
Castle, Meinhold & Stawiarski, LLC
999 18th Street, Suite 2201
Denver, CO 80202

Susan J. Hendrick, Esq.
Catherine Hildreth, Esq.
Aronowitz & Mecklenberg, LLP
1199 Bannock Street
Denver, CO 80204

Neal Valorz, Esq.
Robert J. Hopp & Associates, LLC
333 West Colfax Avenue
Suite 400
Denver, CO 80204-2637


**Vicky Martina**

EXHIBIT A

| Address | Original Principal | Loan Number |
|---------|--------------------|-------------|
| 12533 Pine Valley Circle | $126,304.41 | |
| 6424 Balance Cir. | $132,750 | |
| 8993 Kingston Heath | $171,606.11 | |
| 12603 Pine Valley Circle | $124,635.65 | |
| 6207 Balance Circle | $138,560.19 | |
| 6487 Summer Grace Street | $149,391.48 | |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                            )
                                                  )
JOSE E. LEON,                                     )        Case No. 09-32205-ABC
SSN: XXX-XX-0765                                  )        Chapter 11
                                                  )
        Debtor.                                   )

## STIPULATION TO PLAN TREATMENT

The Debtor by and through his attorneys Kutner Miller Brinen, P.C. gives notice of and files as amendments and stipulations with respect to his Plan of Reorganization dated January 4, 2012 ("Plan") of the attached Loan Modification Agreements reached by and between the Debtor and Select Portfolio Servicing, Inc. with respect to its treatment under the Plan.

Dated:  August 13, 2012

Respectfully submitted,

By:  _____
     Lee M. Kutner #10966
     **KUTNER MILLER BRINEN, P.C.**
     303 East 17th Avenue, Suite 500
     Denver, CO 80203
     Telephone:  (303) 832-2400
     Telecopy: (303) 832-1510
     lmk@kutnerlaw.com
     Attorney for Debtor

44

Select Portfolio Servicing # 0011034873

### LOAN MODIFICATION AGREEMENT (NOTE)

This Loan Modification Agreement ("Agreement") is effective August 1, 2012, between JOSE E LEON, ("Borrower") and Select Portfolio Servicing, Inc., acting on behalf of the owner of the Note ("Lender"), and amends and supplements (1) the Note ("Note") made by the Borrower, dated November 3, 2006, in the original principal sum of $137,500.00.

The Borrower has requested that the Lender modify the terms of the Note. The Lender has agreed to do so pursuant to the terms and conditions stated in this Agreement. In consideration of the amendments made in this Agreement, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree that the provisions set forth in the Note is modified as follows:

1.  The Borrower acknowledges that interest has accrued but not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and Security Instrument that secures repayment of the Note. The Borrower and the Lender acknowledge that a portion of such interest, costs and expenses, has been added to the indebtedness under the terms of the Note and Security Instrument. The Borrower and the Lender agree that effective August 1, 2012, the principal sum of the Note ("Unpaid Principal Balance") will be adjusted to $148,276.01.

2.  The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender, until the unpaid principal balance has been paid. Interest will be charged on the Unpaid Principal Balance at the fixed annual rate of 4.500% until the Unpaid Principal Balance has been paid. The Borrower promises to make monthly payments of principal and interest of $751.29 beginning on the 1st day of September 2012, and continuing thereafter on the same day of each succeeding month. In addition to the monthly payment of principal and interest, Borrower will, if requested, establish an escrow account and pay a monthly escrow payment in the initial amount of $135.62. The Borrower's total monthly payment of principal, interest and escrow is equal to $886.91, with Modification Maturity Date of August 1, 2042.

3.  The Borrower has agreed to establish an escrow account, the amounts of which have been disclosed in Section 2 above. The Borrower acknowledges that these payments attributable to insurance and taxes are determined by the state taxing authorities and insurance companies and therefore, are subject to change from time to time. The Borrower will be notified of such changes.

4.  Except as modified above, Borrower acknowledges that all other terms of the Note and Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument shall remain in full force and effect.

The Borrowers and the Lender have signed this Agreement as of the Effective Date.

**BORROWER(S)**

_____

_____

DATE:_____, 2012

0011034873

Select Portfolio Servicing # 0012393229

## LOAN MODIFICATION AGREEMENT (NOTE)

This Loan Modification Agreement ( Agreement ) is effective July 1, 2012, between JOSE E LEON, ( Borrower ) and Select Portfolio Servicing, Inc., acting on behalf of the owner of the Note ( Lender ), and amends and supplements (1) the Note ( Note ) made by the Borrower, dated November 24, 2003, in the original principal sum of $138,850.00.

The Borrower has requested that the Lender modify the terms of the Note.  The Lender has agreed to do so pursuant to the terms and conditions stated in this Agreement.  In consideration of the amendments made in this Agreement, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree that the provisions set forth in the Note is modified as follows:

1. The Borrower acknowledges that interest has accrued but not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and Security Instrument that secures repayment of the Note.  The Borrower and the Lender acknowledge that a portion of such interest, costs and expenses, has been added to the indebtedness under the terms of the Note and Security Instrument.  The Borrower and the Lender agree that effective July 1, 2012, the principal sum of the Note ( Unpaid Principal Balance ) will be adjusted to  $175,831.78.

2. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender, until the unpaid principal balance has been paid.  Interest will be charged on the Unpaid Principal Balance at the fixed annual rate of 4.500% until the Unpaid Principal Balance has been paid.  The Borrower promises to make monthly payments of principal and interest of $890.91 beginning on the 1st day of August 2012, and continuing thereafter on the same day of each succeeding month.  In addition to the monthly payment of principal and interest, Borrower will, if requested, establish an escrow account and pay a monthly escrow payment in the initial amount of $178.27.  The Borrower s total monthly payment of principal, interest and escrow is equal to $1,069.18, with Modification Maturity Date of July 1, 2042.

3. The Borrower has agreed to establish an escrow account, the amounts of which have been disclosed in Section 2 above.  The Borrower acknowledges that these payments attributable to insurance and taxes are determined by the state taxing authorities and insurance companies and therefore, are subject to change from time to time.  The Borrower will be notified of such changes.

4. Except as modified above, Borrower acknowledges that all other terms of the Note and Security Instrument, including without limitation, the Borrower s covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument shall remain in full force and effect.

The Borrowers and the Lender have signed this Agreement as of the Effective Date.

BORROWER(S)

DATE: 7 | 18 | 12 , 2012

0012393229

46

Select Portfolio Servicing # 0012393203

## LOAN MODIFICATION AGREEMENT (NOTE)

This Loan Modification Agreement ("Agreement") is effective July 1, 2012, between JOSE E LEON, ("Borrower") and Select Portfolio Servicing, Inc., acting on behalf of the owner of the Note ("Lender"), and amends and supplements (1) the Note ("Note") made by the Borrower, dated November 24, 2003, in the original principal sum of $139,450.00.

The Borrower has requested that the Lender modify the terms of the Note. The Lender has agreed to do so pursuant to the terms and conditions stated in this Agreement. In consideration of the amendments made in this Agreement, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree that the provisions set forth in the Note is modified as follows:

1. The Borrower acknowledges that interest has accrued but not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and Security Instrument that secures repayment of the Note. The Borrower and the Lender acknowledge that a portion of such interest, costs and expenses, has been added to the indebtedness under the terms of the Note and Security Instrument. The Borrower and the Lender agree that effective July 1, 2012, the principal sum of the Note ("Unpaid Principal Balance") will be adjusted to $177,972.78.

2. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender, until the unpaid principal balance has been paid. Interest will be charged on the Unpaid Principal Balance at the fixed annual rate of 4.500% until the Unpaid Principal Balance has been paid. The Borrower promises to make monthly payments of principal and interest of $810.04 beginning on the 1st day of August 2012, and continuing thereafter on the same day of each succeeding month. The Borrower acknowledges that the modified principal and interest payments have been amortized over a term which exceeds the Modified Maturity Date (as hereinafter defined) and that a balloon payment will be due on the Modified Maturity Date. If on July 1, 2042 (the "Modified Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, the Borrower will pay those amounts in full on that date.

   In addition to the monthly payment of principal and interest, Borrower will, if requested, establish an escrow account and pay a monthly escrow payment in the initial amount of $161.81. The Borrower's total monthly payment of principal, interest and escrow is equal to $971.85.

3. The Borrower has agreed to establish an escrow account, the amounts of which have been disclosed in Section 2 above. The Borrower acknowledges that these payments attributable to insurance and taxes are determined by the state taxing authorities and insurance companies and therefore, are subject to change from time to time. The Borrower will be notified of such changes.

4. Except as modified above, Borrower acknowledges that all other terms of the Note and Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument shall remain in full force and effect.

The Borrowers and the Lender have signed this Agreement as of the Effective Date.

**BORROWER(S)**

_____

_____

DATE:_____, 2012

0012393203

47

Select Portfolio Servicing # 0012393211

## LOAN MODIFICATION AGREEMENT (NOTE)

This Loan Modification Agreement ("Agreement") is effective July 1, 2012, between JOSE E LEON, ("Borrower") and Select Portfolio Servicing, Inc., acting on behalf of the owner of the Note ("Lender"), and amends and supplements (1) the Note ("Note") made by the Borrower, dated November 24, 2003, in the original principal sum of $125,650.00.

The Borrower has requested that the Lender modify the terms of the Note. The Lender has agreed to do so pursuant to the terms and conditions stated in this Agreement. In consideration of the amendments made in this Agreement, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree that the provisions set forth in the Note is modified as follows:

1. The Borrower acknowledges that interest has accrued but not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and Security Instrument that secures repayment of the Note. The Borrower and the Lender acknowledge that a portion of such interest, costs and expenses, has been added to the indebtedness under the terms of the Note and Security Instrument. The Borrower and the Lender agree that effective July 1, 2012, the principal sum of the Note ("Unpaid Principal Balance") will be adjusted to $160,279.19.

2. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender, until the unpaid principal balance has been paid. Interest will be charged on the Unpaid Principal Balance at the fixed annual rate of 4.500% until the Unpaid Principal Balance has been paid. The Borrower promises to make monthly payments of principal and interest of $729.51 beginning on the 1st day of August 2012, and continuing thereafter on the same day of each succeeding month. The Borrower acknowledges that the modified principal and interest payments have been amortized over a term which exceeds the Modified Maturity Date (as hereinafter defined) and that a balloon payment will be due on the Modified Maturity Date. If on July 1, 2042 (the "Modified Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, the Borrower will pay those amounts in full on that date.

   In addition to the monthly payment of principal and interest, Borrower will, if requested, establish an escrow account and pay a monthly escrow payment in the initial amount of $155.33. The Borrower's total monthly payment of principal, interest and escrow is equal to $884.84.

3. The Borrower has agreed to establish an escrow account, the amounts of which have been disclosed in Section 2 above. The Borrower acknowledges that these payments attributable to insurance and taxes are determined by the state taxing authorities and insurance companies and therefore, are subject to change from time to time. The Borrower will be notified of such changes.

4. Except as modified above, Borrower acknowledges that all other terms of the Note and Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument shall remain in full force and effect.

The Borrowers and the Lender have signed this Agreement as of the Effective Date.

BORROWER(S)

_____

_____

DATE:_____, 2012

0012393211

48

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                      )
                                            )
JOSE E. LEON,                               )       Case No. 09-32205-ABC
SSN: XXX-XX-0765                            )       Chapter 11
                                            )
        Debtor.                             )

## STIPULATION TO PLAN TREATMENT

The Debtor and GMAC Mortgage, LLC ("GMAC") by and through their undersigned counsel stipulate to a modification of the Debtor's Plan of Reorganization dated January 4, 2012 ("Plan"), as follows:

1.      GMAC is a secured creditor in the captioned case holding or servicing promissory notes secured by deeds of trust encumbering several residential properties owned by the Debtor and located in the generally in the Colorado Springs, Colorado area.   The properties and original note amounts are set forth on Exhibit A attached hereto.   The GMAC loans are sometimes referenced as being held by US Bank, N.A.

2.      The Plan provides for the restructuring of each of the GMAC loans.

3.      The Plan provides that the principal balance of each loan, the interest rate applicable to repayment, and the amortization term will be as set forth in the Plan or as agreed to by the parties. If the parties agree to alternative treatment it needs to be set forth in a stipulation filed with the Court. The Plan treatment of GMAC, Classes 10.1-10.3, is set forth at paragraphs 6.1(a-d) of the Plan.

4.      GMAC objected to the treatment of its secured claim under the Plan but agrees to the secured treatment set forth in this Stipulation as the treatment of its Class 10.1-10.3 claims.

5.      The treatment of GMAC under the Plan shall be modified to provide as follows:

        a.      The Allowed Secured Claim for each of the loans due on the Effective Date of the Plan shall consist of the outstanding principal balance due plus all outstanding past due interest, fees, and costs allowed pursuant to the terms of each underlying promissory note;

        b.      The new interest rate that shall be applied to each loan shall be 5.25% per annum;

c.  Each loan will be amortized over a term consisting of the balance of the loan
term for each existing loan commencing on the Effective Date of the Plan and
paid in equal monthly installments over such term.

6.     The GMAC Allowed Secured Claims shall be modified as set forth in the
preceding paragraph and otherwise they shall be treated as set forth in the underlying promissory
notes, deeds of trust, and the Plan. Debtor shall continue to pay taxes and insurance through an
escrow account. The first payment under this agreement shall be due October 1, 2015.

7.     Based upon this Stipulation, GMAC votes to accept the Plan as a Class 10.1-10.3
claimant and withdraws its Objection to confirmation of the Plan.


DATED:  August 16, 2012


                                        Respectfully submitted,

                              By: _____
                                        Lee M. Kutner #10966
                                        **KUTNER MILLER BRINEN, P.C.**
                                        303 East 17th Avenue, Suite 500
                                        Denver, CO 80203
                                        Telephone: (303) 832-2400
                                        Telecopy: (303) 832-1510
                                        lmk@kutnerlaw.com



                              By: _____
                                        Deanna L. Westfall
                                        **CASTLE STAWIARSKI, LLC**
                                        999 18th St., Suite 2301
                                        Denver, Colorado  80202
                                        Telephone:  (303) 865-1439
                                        Email:dwestfall@cmsatty.com

50

### CERTIFICATE OF SERVICE

The undersigned certifies that on August 17, 2012, I served by prepaid first class mail a copy of the foregoing **STIPULATION TO PLAN TREATMENT** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Paul V. Moss, Esq.
United States Trustee's Office
999 18th Street, Suite 1551
Denver, CO 80202

Deanna L. Westfall, Esq.
Kimberly Martinez, Esq.
Castle, Meinhold & Stawiarski, LLC
999 18th Street, Suite 2201
Denver, CO 80202

Susan J. Hendrick, Esq.
Catherine Hildreth, Esq.
Aronowitz & Mecklenberg, LLP
1199 Bannock Street
Denver, CO 80204

Boyd A. Rolfson, Esq.
Cynthia Treadwell, Esq.
Neal Valorz, Esq.
Robert J. Hopp & Associates, LLC
333 West Colfax Avenue
Suite 400
Denver, CO 80204-2637

Vicky Martina

Case:09-32205-ABC   Doc#:692   Filed:10/02/12   Entered:10/02/12 11:44:25   Page54 of 57

## EXHIBIT A

| Address | Original Principal | Loan Number | Maturity Date |
|---|---|---|---|
| 6465 Casual Drive | $151,953.75 | 7401262035 | July 1, 2036 |
| 6445 Aquatic | $145,611.70 | 7401262043 | July 1, 2036 |
| 6410 Ferndale | $152,125.09 | 7401262068 | August 1, 2036 |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                )
                                      )
JOSE E. LEON,                         )        Case No. 09-32205-ABC
SSN: XXX-XX-0765                      )        Chapter 11
                                      )
        Debtor.                       )

## STIPULATION TO PLAN TREATMENT

The Debtor and Wachovia Mortgage FSB ("Wachovia") by and through their undersigned counsel stipulate to a modification of the Debtor's Plan of Reorganization dated January 4, 2012 ("Plan"), as follows:

1.      Wachovia is a secured creditor in the captioned case holding promissory notes secured by deeds of trust encumbering several residential properties owned by the Debtor and located in the general location of Colorado Springs, Colorado.  The properties and original note amounts are set forth on Exhibit A attached hereto.

2.      The Plan provides for the restructuring of each of the Wachovia loans.

3.      The Plan provides that the principal balance of each loan, the interest rate applicable to repayment, and the amortization term will be as set forth in the Plan or as agreed to by the parties. If the parties agree to alternative treatment it needs to be set forth in a stipulation filed with the Court. The Plan treatment of Wachovia, Classes 11.1-11.10, is set forth at paragraphs 6.1(a-d) of the Plan.

4.      Wachovia objected to the treatment of its secured claim under the Plan but agrees to the secured treatment set forth in this Stipulation as the treatment of its Class 11.1-11.10 claims.

5.      The treatment of Wachovia under the Plan shall be modified to provide as follows:

        a.      The Allowed Secured Claim for each of the loans due on the Effective Date of the Plan shall consist of the outstanding principal balance due plus all outstanding past due interest, fees, and costs allowed pursuant to the terms of each underlying promissory note;

        b.      The new interest rate that shall be applied to each loan shall be 6% per annum;

    c.     Each loan will be amortized over thirty years from the Effective Date of the Plan and paid in equal monthly installments; and

    d.     To the extent that Wachovia has paid the real property taxes or insurance for any given property, it may add the amount paid for tax or insurance into the particular loan balance. Wachovia shall provide the Debtor with evidence of the amount and party paid prior to adding the amount into the loan balance.

6.    The Wachovia Allowed Secured Claims shall be modified as set forth in the preceding paragraph and otherwise they shall be treated as set forth in the underlying promissory notes, deeds of trust, and the Plan.

7.    Once the Plan is confirmed and effective, both parties agree that the automatic stay is terminated as to Wachovia, who in the event of a default by the Debtor under the underlying loan documents as modified, has relief from the automatic stay to foreclose its deed of trust that secures the loan that is in default and no further relief shall be required with respect to Wachovia's exercise of its remedies under state law.

8.    Based upon this Stipulation, Wachovia votes to accept the Plan as a Class 11.1-11.10 claimant and withdraws its Objection to confirmation of the Plan.

DATED: August 13, 2012

Respectfully submitted,

By: _____
Lee M. Kutner #10966
**KUTNER MILLER BRINEN, P.C.**
303 East 17th Avenue, Suite 500
Denver, CO 80203
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
lmk@kutnerlaw.com
Attorney for Debtor

By: _____
Susan J. Hendrick #33196
**ARONOWITZ & MECKLENBURG, LLP**
1199 Bannock Street
Denver, Colorado 80204
Telephone: (303) 813-1177
Email:bk@amlawco.com
Attorney for Wachovia Mortgage FSB

54

### EXHIBIT A
Properties secured by Deeds of Trust and Notes held by Wachovia Mortgage, FSB, fka World Savings Bank, FSB

| Property Address | Date of Note and Deed of Trust | Amount of Note |
|---|---|---|
| 7506 Stephenville Road, Peyton, CO 80831 | November 2, 2003 | $131,175.00 |
| 12845 Royal Birkdale Road, Peyton, CO 80831 | October 31, 2003 | $131,840.00 |
| 7611 Bullet Road, Peyton, CO 80831 | March 26, 2008 | $174,930.00 |
| 6475 Summer Grace Street, Colo. Springs, CO 80923 | March 26, 2008 | $182,070.00 |
| 7880 Midnight Road, Peyton, CO 80831 | March 26, 2008 | $189,210.00 |
| 12821 Royal Birkdale Road, Peyton CO 80831 | October 31, 2003 | $127,571.00 |
| 7812 Tompkins Road, Peyton, CO 80831 | March 26, 2008 | $157,080.00 |
| 9156 Sunningdale Road, Peyton, CO 80831 | October 17, 2003 | $139,500.00 |
| 12822 Royal Birkdale Road, Peyton, CO 80831 | October 31, 2003 | $130,640.00 |
| 6303 Balance Drive, Colo. Springs, CO 80922 | November 24, 2003 | $109,525.00 |

-4-

**EXHIBIT C**

**Executory Contracts and Unexpired Leases Assumed**

1.      All contracts and leases previously assumed or for which a motion to assume is pending.

2.      All leases and contracts that are not specifically rejected.

**EXHIBIT D**

**Executory Contracts and Unexpired Leases Rejected**

A.      All leases and contracts previously rejected by Court Order.